# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CR-00017 (WLS-ALS) |
| | : | |
| CENOBIO OLGUIN JR, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Defendant Cenobio Olguin moves to continue his trial in the interests of justice. (Doc. 25.) Previously, the Court denied his motion to continue without prejudice because he failed to ask the Court to make the required findings under the Speedy Trial Act. (Doc. 24 at 1.) But this time, he does so. He now states a continuance is warranted to allow him to review discovery, prepare a defense, investigate, and discuss the case with Olguin. (Doc. 25 ¶ 2.) He asks the Court to exclude the time lost under the speedy trial act. (*Id.* ¶ 4.) W

Based on the Olguin's stated reasons and because the Government does not oppose the Motion, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Olguin in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Thus, and for good cause shown, the Motion (Doc. 25) is **GRANTED**.

The trial in the case is **CONTINUED** to the Valdosta Division November 2025 trial term and its conclusion, or as may be otherwise ordered by the Court.[1] Further, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** in accordance with 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a

---

[1] Olguin doesn't specify when in the November trial term the case should be continued to. (*See* Doc. 25 at 1–2.) Yet the Court continues the case until the conclusion of the November 2025 trial term. The Court's practice is to grant continuances until the conclusion of a trial term to allow the scheduling of multiple trials during that term. If Olguin objects to a continuance until the conclusion of the next trial term, they shall immediately advise the Court of such an objection in writing.

miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). The pretrial conference in the case is **CONTINUED**.

    **SO ORDERED**, this 29th day of July 2025.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**